56 CCPA

**Application of John C. JUREIT.**
**Patent Appeal No. 8170.**

United States Court of Customs
and Patent Appeals.
May 22, 1969.

Leonard F. Stoll, Robert E. LeBlanc, LeBlanc & Shur, Washington, D. C., attorneys of record, for appellant.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents; Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, HOLTZOFF and McLAUGHLIN, Judges, sitting by designation, and ALMOND and BALDWIN, Judges.

ALMOND, Judge.

This appeal is from the decision of the Patent Office Board of appeals affirming the rejection of claims 1, 2, 3, 4, 8, 9 and 10 of appellant's application [1] for "Apparatus for Preventing Splitting in Lumber" as unpatentable over the prior art under 35 U.S.C. § 103. No claim has been allowed.

The invention disclosed and claimed relates to end plate assemblies adapted for use upon railroad ties, crossarms of telephone and telegraph posts, fence posts and the like for preventing splitting in the ends of such.

Figures 3 and 4, reproduced below, disclose a plate 50 formed with rows of slots 52, 54, 56 by striking teeth therefrom. The teeth have sides substantially parallel and are formed with wedge-shaped points to resemble nails. The teeth may be applied by means of pressure with a mechanical pressure device or hammered into the tie or post. The application drawings disclose a modified embodiment, showing four plates which are applied to the tie adjacent its end. These plates, while slightly narrower, are in all respects similar to plate 50.

FIG.3

FIG.4

1. Serial No. 466,494 filed May 17, 1965.

Claim 1 is illustrative:

1. An anti-checking assembly comprising an elongated wooden member having its grain direction generally parallel to its longitudinal axis, and having at least one end generally perpendicular thereto, and a connector plate comprising a metal plate having a plurality of slender elongated nail-like teeth struck therefrom uniformly over the surface of said plate and extending perpendicular thereto, said plate extending over substantially the entire area of said end of said wooden member, said teeth being embedded in said wooden member and extending generally parrallel to the grain thereof, said teeth being sufficient in number to provide an average of no less than two teeth per square inch of connector plate, said teeth having a length equal to no less than approximately six times the thickness of said plate.

The references cited and applied below are:

| | | |
|---|---|---|
| Body | 988,620 | April 4, 1911 |
| Pugel | 1,837,370 | December 22, 1931 |
| Jureit | 2,877,520 | March 17, 1959 |
| Andersen | 2,895,369 | July 21, 1959 |
| Atkins | 3,016,586 | January 16, 1962 |

Andersen relates to a metal device such as a strap for protecting planks from splitting and repairing same after splitting. The protector is stamped or punched from sheet metal. A series of spaced teeth are formed along each edge of the protector which may be applied to the end face of a wooden member to substantially cover same or it may be applied to the opposite faces of a plank adjacent the end thereof.

Both Atkins and Jureit disclose a connector plate for wooden members. The plate in each is strikingly similar in design configuration and purpose to that disclosed in appellant's drawing Fig. 3, plate 50, hereinabove reproduced, in that each has a plurality of integral punched-out teeth spaced uniformly over the surface of the plate and extending substantially perpendicular thereto. In each, as in appellant's plate, the teeth are adapted to be pressed into the wooden members. Jureit states that the teeth therein must be at least six times the thickness of the metal plate while the teeth of Atkins show such a length.

Body relates to a reinforcing device for preventing splitting of the wood at the opposite ends of railway ties. The several different sheet metal binding devices disclose teeth adapted to be driven into ties at the opposite ends thereof.

Pugel relates to railroad tie and protectors to prevent cracking or rotting of the ends of the ties. The protector is a band with prongs or teeth struck therefrom at appropriate intervals which are driven into the tie to hold the band in position.

The examiner asserted three grounds of rejection: (1) as being unpatentable over Body or Pugel each taken with Atkins under 35 U.S.C. § 103; (2) as being unpatentable over Andersen in view of either Atkins or Jureit under 35 U.S.C. § 103, and (3) as being unpatentable over the claimed subject matter of claims 23–26 of appellant's copending application serial No. 293,949 on the ground of double patenting.

The board reversed the double patenting rejection but affirmed the examiner on both rejections predicated on 35 U.S.C. § 103.

Inasmuch as it is our view that the record clearly supports the decision of the board in its rejection of the appealed claims as being unpatentable over Andersen in view of either Atkins or Jureit under 35 U.S.C. § 103, it is not necessary to, and we do not, reach the board's af-

firmance of the examiner's rejection designated as (1) hereinabove.

Andersen discloses (Figs. 5 and 6, shown below) an anti-checking assembly which comprises an elongated, straight-sided, wooden member 32, 42 formed with a rectangular cross-sectional configuration corresponding to 14 and other relevant elements of appellant's device. Andersen's members 32 and 42, like member 14 and other corresponding members of appellant's assembly, disclose their grain direction in general parallelism to their longitudinal axes. Both have at least one end perpendicular to such axes. A metal connector plate 10, corresponding to plate 50 (Fig. 3) in appellant's device, with its edges notched to provide a plurality of slender elongated teeth, is shown in one end of wooden member 42 (Fig. 6) corresponding to the showing in appellant's Figs. 3 and 4. Alternatively, Andersen discloses two metal plates 10 (Fig. 5) embedded in the sides of wooden member 32. The Andersen teeth are formed integral with the metal plate of the assembly and have a length equal to, but not less than, approximately six times the thickness of the metal plate as called for in appealed claim 1. Andersen states that his plank protectors are so sized as to "compensate for usual variations in dimensions of the nominally sized planks for which they are intended."

Andersen states that the "teeth are desirably spaced, and are desirably wedge-shaped in plan" and that his plate "is stamped or punched from relatively heavy gauge sheet metal."

From the foregoing, it is apparent that Andersen meets each limitation of the appealed claims except those which call for the teeth to be struck from the plate "uniformly over the surface of said plate" and to be "sufficient in number to provide an average of no less than two teeth per square inch of connector plate" and the limitation calling for the plate to be of a special gauge of metal.

Atkins and Jureit both show metal plates possessing those characteristics, and appellant's attorney conceded at oral argument that these references disclose the plate of the present invention.

On the basis of the reference disclosures hereinabove discussed, the board concluded:

It appears to us that Andersen in Figure 6 and the attendant description adequately indicates appreciation of the use of a sheet type fastener as applied over virtually all of the end grain surface of a wooden member. It appears to us that with such teaching, it would be no more than an obvious adaptation to employ the Atkins or Jureit fastener teachings in this manner. Fabrication of the fastener plate with distributed fastenings over its surface is fully taught in such references and the application of these teachings in the manner shown by Andersen appears to us to be no more than a matter of obvious substitution.

We think it clear from this record that one skilled in the subject art seeking greater strength and minimization of the splitting of wooden members would find ready and obvious teachings in the references here applied.

We find no merit in appellant's contention that the board has engaged in hindsight construction or that it has combined structures and expedients "cannibalized from unrelated arts."

The problem to which appellant's claimed invention is addressed is basically the same as that encompassed by the applied references, viz.: to strengthen and improve the utility of wooden members by reduction or prevention of the hazard of separating or spreading apart. By teaching how this problem can be solved, both Atkins and Jureit reasonably and fairly suggest a like or similar solution relating to the wooden members of Andersen.

We are not persuaded of error in the decision of the board, which is accordingly affirmed.

Affirmed.